UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSEY V. P.,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTIN J. O'MALLEY, et al.,<br><br>    Defendants. | Case No. 3:24-cv-01100-JSC<br><br>**ORDER REMANDING FOR FURTHER PROCEEDINGS**<br><br>Re: Dkt. Nos. 15, 17 |

Plaintiff brings this action challenging the Social Security Administration's denial of his application for child disability benefits. While the Social Security Administration found Plaintiff disabled as an adult and awarded disability benefits, Plaintiff also sought child benefits alleging his mental health disability began before the age of 22. (Administrative Record ("AR") 118-119.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security denying his benefits claim.[1] After careful consideration of the parties' briefing, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the Commissioner's decision denying benefits, and REMANDS for further proceedings.

## BACKGROUND

Pursuant to the Social Security Act, on October 4, 2019, Plaintiff filed an application for child disability benefits, on his father's social security number, alleging disability beginning December 15, 2002. (AR 132.) This claim was denied initially and on reconsideration. (AR 132.) On May 27, 2021, an Administrative Law Judge dismissed Plaintiff's application on res judicata grounds based on

---

[1] Plaintiff's father Viktor Papkov, who was appointed as his representative before the Social Security Administration, brings this action on his son's behalf because his son is mentally incompetent. (Dkt. No. 15; AR 181.) The Court *sua sponte* appoints Viktor Papkov as his son's guardian ad litem. *See* Fed. R. Civ. Pro 17(c).

a prior application. (AR 160.) The Appeals Council later vacated that dismissal finding res judicata did not apply and remanded for a new hearing and consideration of evidence. (AR 161.) Plaintiff's father appeared at the two subsequently scheduled hearings on Plaintiff's behalf because Plaintiff was unable to attend due to his institutionalization. (AR 161.) On May 3, 2023, the ALJ issued her decision finding Plaintiff had not offered evidence he was disabled prior to July 15, 2006, the date he turned 22. (AR 160-169.)

Plaintiff filed a timely request for review with the Appeals Council, which the Appeals Council denied. (AR 9-13.) The Appeals Council considered the "medical evidence from Santa Clara Valley Medical Center dated May 8, 2006 and July 23, 2021 (43 pages)" offered on appeal and concluded "this evidence does not show a reasonable probability that it would change the outcome of the decision." (AR 10.)

Plaintiff thereafter filed the underlying action. In accordance with Civil Local Rule 16-5, the parties filed cross briefs on appeal. (Dkt. Nos. 15, 17.[2])

**DISCUSSION**

Plaintiff insists his mental health disability began prior to the age of 22 and argues the ALJ's decision was in error because she did not consider the evidence of psychiatric treatment he received in 2006, when he was 21. (Dkt. No. 15 at 2-3.) Plaintiff seeks remand so the ALJ can consider the additional evidence he submitted to the Appeal's Council after the ALJ issued her decision. (*Id*. at 3-4.) The new evidence at-issue is composed of 26 pages of medical records including: (1) Santa Clara Valley Medical Center records from a 5/8/06 Emergency Psychiatric Services visit; (2) Santa Clara Valley Medical Center records from a 6/10/06 Emergency Psychiatric Services visit; and (3) Santa Clara Valley Medical Center Consultation/Referral Form from a 11/14/06 visit.[3] (AR 39-65.)

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[3] The Appeals Council indicated the medical records were 43 pages, but it did not make the records exhibits. (AR 10.) This number is consistent with the table of contents to the Administrative Record. (Dkt. No. 13-2 at 1 ("Claimant-supplied Evidence (CLMTEVID), dated 05/08/2006 to 07/23/2021, from SANTA CLARA VALLEY MEDICAL CTR.").) Of these pages, however, only 26 pages are medical records (AR 39-65); the remainder include a handwritten-letter and copies of the ALJ's decision (AR 25-38).

When, as here, a claimant submits evidence for the first time to the Appeals Council and "the Appeals Council considers [the] new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Under these circumstances, the Court considers the evidence submitted to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011).

Given the new evidence, the ALJ's decision was not supported by substantial evidence. The ALJ's decision repeatedly noted there was limited evidence of Plaintiff's mental health prior to the age of 22. (AR 164, 166, 167.) In doing so, the ALJ referred to a one-page document from the Santa Clara Valley Medical Center—this one-page document is the "Face Sheet" for the 5/8/06 medical record Plaintiff provided a complete version of to the Appeal Council. (AR 164 (citing B1F/1-3); AR 166 (citing B1F/2).[4]) Further, Plaintiff's hearing before the ALJ was continued on two prior occasions so the Agency could obtain a complete version of his 2006 medical records. (AR 80-81 (transcript of 2/8/23 hearing); AR 96-98 (transcript of 7/13/22 hearing).) As Plaintiff's appeal brief explains, while he requested his 2006 medical record from Santa Clara Valley Medical Center several times, it was only after the ALJ's decision when he went to the emergency room in person that he was finally able to obtain a copy of his son's complete 2006 medical records. (Dkt. No. 15 at 3-4.) Given the ALJ's repeated attempts to obtain this evidence and reliance on the absence of the evidence to find Plaintiff not disabled during the period in question, substantial evidence would not support the ALJ's denial had the evidence been a part of the record at the time of the ALJ's decision.

The Commissioner's argument that the new medical records would not change the outcome because they reflect "normal findings" is unpersuasive. (Dkt. No. 17 at 3.) First, the records at issue

---

[4] The "Face Sheet" which appears at B1F/2 (AR 587) is a much cleaner copy, but it inexplicably does not contain the rest of the pages of the medical record. It is also in the record at B11F/4 (AR 857).

3

are largely illegible and when the Court asked the Commissioner for a more readable version, he indicated this was the only version he possessed. (Dkt. Nos. 18, 19.) Given the document's illegibility the Court queries how the Appeals Council could have concluded it would not have materially impacted the ALJ's decision, but that question is not before the Court. *See Brewes*, 682 F.3d at 1161 (noting the court "lacks jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action.").

Second, the portions of the document which are marginally readable do not support the Commissioner's characterization of "normal findings." For example, the notes of the 5/8/06 visit appear to indicate he met the 5150 criteria for suicide risk based on depression (AR 40, 43), and he was diagnosed with major depression during this encounter (AR 46). The notes of the 6/10/06 visit indicate it was, at least in part, a medication follow-up for a Celexa prescription. (AR 52.) Finally, the 11/14/06 consultation/referral form appears to request a referral to "psychiatry." (AR 55.)

In sum, considering the new evidence, which is now part of the record on appeal, substantial evidence does not support the ALJ's finding that Plaintiff was not disabled during the period in question.

## CONCLUSION

For the reasons stated above, the Court VACATES the ALJ's decision and REMANDS for further proceedings consistent with this Order.

This Order disposes of Docket Nos. 15, 17.

**IT IS SO ORDERED.**

Dated: November 25, 2024

JACQUELINE SCOTT CORLEY
United States District Judge